**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARDEV SINGH, | No. 24-7073 |
| Petitioner, | Agency No. A215-551-689 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2025**

Before:     CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

Hardev Singh, a native and citizen of India, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Singh's demeanor and inconsistencies between Singh's testimony and documentary evidence. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Manes v. Sessions*, 875 F.3d 1261, 1263-64 (9th Cir. 2017) (agency's demeanor finding supported where IJ provided "specific, first-hand observations," and an inconsistency between applicant's testimony and documentary evidence undermined credibility). Singh's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Substantial evidence also supports the agency's finding that Singh did not present documentary evidence that would otherwise establish his eligibility for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (applicant's documentary evidence was insufficient to independently support claim).

In the absence of credible testimony in this case, Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

24-7073

Substantial evidence also supports the agency's denial of Singh's CAT claim because it was based on the same evidence found not credible, and Singh does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to India. *See Shrestha*, 590 F.3d at 1048-49.

**PETITION FOR REVIEW DENIED.**